### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAROLETTE THOMPSON,** ) | |
| **individually and on behalf of those** ) | |
| **similar situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-1203-WEB |
| ) | |
| **JIFFY LUBE INTERNATIONAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on defendant's motions to strike (Doc. 6) and for a more definite statement (Doc. 12). For the reasons set forth below, the motions shall be DENIED.

### **Background**

This lawsuit stems from an oil change–ordinarily a simple act of car maintenance. Highly summarized, plaintiff alleges that she took her car to a Jiffy Lube facility for an oil change. However, because a Jiffy Lube technician installed the wrong oil filter and caused an oil leak, the engine was ruined. Although Jiffy Lube provided a replacement engine, plaintiff contends that the replacement engine was defective and the car will not start. In addition to suing for the damage to her car, plaintiff alleges that defendant violated the Kansas Consumer Protection Act by:

      1. misrepresenting the training of technicians;

      2. inducing technicians to charge for unnecessary services; and

      3. charging "shop fees."

Plaintiff also requests permission to proceed as a class action.

## Motion to Strike

Defendant moves to strike paragraphs 42, 43, and 54 from plaintiff's complaint pursuant to Fed. R. Civ. P. 12(f). The paragraphs in controversy allege:

> 42. After falling victim to Jiffy Lube's misrepresentations that technicians are properly trained and certified, consumers are lured into trusting the technician's word and the alleged urgency of the recommended services posed by technicians. Often, services are not even rendered. In the end, consumers are pressured and duped into purchasing items that the consumers do not need replaced or repaired.
>
> 43. ABC's Prime Time Live aired a segment on February 19, 2004 regarding this very issue. During this segment named "Lube Shop Pitfall: Tips on How to Avoid Being Taken for a Ride," Jiffy Lube employees were caught suggesting items to investigators and also damaging the investigators' vehicles in order to sell products.
>
> \* \* \*
>
> 54. Plaintiff's experience is typical of the nationwide complaints lodged against Jiffy Lube. Additionally, the following sample of complaints displays the defendant's elaborate schemes and the results to the consumer....[1]

---

[1] Paragraph 54 continues with 14 subparagraphs describing individual consumer complaints against Jiffy Lube facilities located in California, North Dakota, Kansas, Utah, New Jersey, Minnesota, Massachusetts, Nebraska, and Colorado. The subparagraphs include assertions that technicians intentionally damaged car parts in order to sell repair services.

In support of its motion, defendant argues that the paragraphs are immaterial and clearly prejudicial because plaintiff has not alleged, either for herself or on behalf of the class, damages related to: (1) charges for services not performed or (2) intentional damage to vehicles. Plaintiff counters that damages for such consumer violations are in fact requested in the complaint and that the disputed allegations are "intrinsically linked to the underlying claims" in this case (that defendant misrepresents the training and certification of Jiffy Lube technicians).

The standards for ruling on a motion to strike are well established:

> Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter." The court notes that **motions to strike under Rule 12(f) are disfavored.** The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. **If there is any doubt as to whether under any contingency certain matters may raise an issue, the motion should be denied.** If evidentiary facts are pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken. Finally, we note that a Rule 12(f) motion is not the appropriate method to challenge the factual support for an allegation.

Nwakpuda v. Falley's, Inc., 114 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998)(Emphasis added, internal citations omitted).

Having reviewed plaintiff's 31-page complaint, the court finds that the paragraphs in dispute do not warrant an order to strike. Plaintiff's complaint alleges that Jiffy Lube technicians are not trained and certified to the level represented in defendant's advertisements and the examples listed *may* raise an issue concerning the qualifications of Jiffy Lube

employees.[2] Accordingly, the motion to strike shall be denied.

## Motion for a More Definite Statement

In the alternative to striking paragraph 54, defendant moves for a more definite statement pursuant to Rule 12(e). Specifically, defendant argues that it needs the following information in order to frame a responsive pleading: (1) the name of the customer involved, (2) the franchise or company-owned store where the alleged incident occurred, and (3) the approximate date of the incident. Similarly, defendant seeks additional facts concerning the allegations in paragraphs 31, 33, 36, 39, and 41. However, the court is not persuaded that the complaint is "so vague or ambiguous that [defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The details which defendant seeks are more appropriately developed through discovery requests. Accordingly, the motion for a more definite statement shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motions to strike **(Doc. 6)** and for a more definite statement **(Doc. 12)** are **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of September 2005.

---

[2] This court expresses no opinions concerning the merits of this case or whether the examples of other consumer complaints will ultimately be admissible at trial. Rather, the court merely finds that under the standards for evaluating a Rule 12(f) motion, the paragraphs should not be stricken.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge