# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAROLETTE THOMPSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 05-1203-WEB |
| ) | |
| **JIFFY LUBE INTERNATIONAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to compel answers to interrogatories. (Doc. 75). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

### Motion to Compel

Defendant moves to compel answers to Interrogatory Nos. 3, 6, 8, 9, 14, 15, and 17.[1] Highly summarized, defendant seeks answers to three areas of inquiry: (1) information concerning the automobiles that the plaintiffs claim were damaged; (2) the names and addresses of individuals with knowledge of the facts alleged in the complaint; and (3) the

---

[1] The nature of this lawsuit has been described in prior opinions and will not be repeated. See, e.g., Memorandum and Order, Doc. 73.

specific sales practices that plaintiffs are challenging. Plaintiffs argue that defendant's motion should be denied because: (1) defendant failed to "make reasonable efforts" to confer and resolve the parties' discovery disputes as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2; (2) the names of witnesses and/or informants are privileged and confidential; (3) certain inquiries are beyond class certification discovery; and (4) plaintiffs' supplemental interrogatory answer resolves Interrogatory No. 6.

With respect to the duty to confer, defendant's motion is deficient in failing to include "a certification that the movant has in good faith conferred or attempted to confer." Fed. R. Civ. P. 37(a)(2)(A). However, attached to defendant's motion is a five-page letter from defendant to plaintiffs noting deficiencies in interrogatory answers and a five-page response from plaintiffs to defendant. Defendant's reply brief also reveals that the parties discussed plaintiffs' discovery responses by phone and e-mail. Under the circumstances, the court is satisfied that defendant made a reasonable effort to confer before filing this motion.[2] The parties' remaining arguments are discussed in greater detail below.

**1. Interrogatory No. 3**

Defendant requests the make, year, mileage, vehicle identification number, tag

---

[2] Equally important, plaintiffs do not allege that their answers would be supplemented or amended if the parties engage in further discussions. Rather, plaintiff's maintain their objections to Interrogatory Nos. 3, 6, 8, 9, 14, 15 and 17. In light of plaintiffs' continued objections, no purpose is served by requiring the parties to engage in additional informal discussions concerning the disputed interrogatories.

number, service and repair history, ownership history and current status of the vehicle that plaintiff Thompson alleges was damaged by a Jiffy Lube franchisee. Thompson answered the interrogatory by stating that the vehicle damaged was her 1996 Hyundai Elantra which she still owns but does not drive. However, Thompson refused to provide any other information, arguing that the remaining information is beyond the scope of class certification discovery, burdensome and irrelevant. Thompson's "burdensome" argument is summarily rejected because no showing has been made that gathering the information would be unduly burdensome.

Moreover, the information is relevant to class certification because a discrepancy has developed concerning Thompson's vehicle and the alleged damage. Specifically, Thompson alleged in her initial and amended complaint that her car's engine was damaged by the installation of the wrong oil filter and that the replacement engine provided by the Jiffy Lube franchisee was unsatisfactory. However, in response to an interrogatory request for an explanation of damage, Thompson stated that her transmission was damaged and had to be replaced. In her most recent amended complaint (Doc. 83), Thompson alleges that her Hyundai had engine damage and another of her vehicles (a Ford van) suffered transmission damage.[3] The inconsistencies in Thompson's pleadings and interrogatory answers raise issues concerning her ability to adequately and fairly protect the interests of the class; thus,

---

[3] Thompson only alleged damage to her Ford van after defendant pointed out that Jiffy Lube had no record of servicing the Hyundai's transmission but did have a record of servicing her Ford van.

the information requested in Interrogatory No. 3 is relevant to class certification. Accordingly, defendant's motion to compel complete answers to Interrogatory No. 3 is **GRANTED.**

**2. Interrogatory No. 6**

Interrogatory No. 6 asks plaintiffs to identify all "sales tricks" by Jiffy Lube that plaintiffs claim are fraudulent and caused damage to the named plaintiffs. Plaintiffs answered the interrogatory, setting out a list of sales tricks. Plaintiffs have answered the interrogatory and the motion to compel shall be **DENIED.**[4]

**3. Interrogatory Nos. 8, 9, 14, 15, and 17**

Interrogatory Nos. 8, 9, 14, 15 and 17 request that plaintiffs provide details concerning certain allegations in the complaint, including the names and addresses for persons with relevant information concerning those allegations. However, plaintiffs refuse to provide the names of certain individuals, arguing that counsel promised those individuals confidentiality. Plaintiffs also contend that defendant is only entitled to discover the names of witnesses they intend on presenting at trial. Because plaintiffs do not plan to use their confidential sources as witnesses, plaintiffs argue that the names do not have to be disclosed. As explained in

---

[4] The thrust of defendant's motion to compel Interrogatory No. 6 is to "freeze" or limit plaintiffs to the "sales trick" which they are aware of at this time. Whether or not plaintiff will be permitted to amend their complaint if additional sales tricks are discovered is an issue for another day.

greater detail below, plaintiff's arguments are rejected.

Plaintiffs' belief that defendant is only entitled to discover the names of witnesses which plaintiffs plans to use at trial is simply incorrect.[5] Unless otherwise limited by order of the court:

> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of **any party**, ... **including the identity and location of persons having knowledge of any discoverable matter.**

Fed. R. Civ. P. 26(b)(1) (Emphasis added). Clearly, Rule 26(b)(1) contemplates discovery of *all* persons with knowledge of the allegations in this case.

Plaintiffs' argument that counsel's promise of confidentiality to a witness somehow creates a privilege is not persuasive. Contrary to plaintiffs' assertion, the case of Tilton v. Capital Cities/ABC, Inc., 95 F. 3d 32, 32 (10th Cir. 1996) is not "directly on point." Tilton addressed, in part, the assertion of a newspaperman's privilege, a narrow and specialized privilege that applies to journalists. Plaintiffs' counsel is not a journalist and Tilton has no application to this case.[6]

Plaintiffs' citations to Electronic Data Sys. Corp. v. Steingraber, 2003 WL 21653405

---

[5] In the context of *initial disclosures*, a party is only required to disclose the names of individuals that the disclosing party *may use to support its claims or defenses.* Fed. R. Civ. P. 26(a)(1)(A). However, the dispute before the court is based on plaintiffs' incomplete answers to formal interrogatories rather than initial disclosures.

[6] The precedent concerning a newsperson's privilege in Tilton is difficult to discern because the Tenth Circuit summarily affirmed the lower court's decision in a one page opinion. The district court's opinion concerning a newsperson's privilege is not published.

(E.D. Tex. July 9, 2003) and In re Ashworth, Inc. Sec. Lit., 213 F.R.D. 385 (S.D. CA 2002) are also not persuasive.[7] In Steingraber, defendant identified 59 witnesses with knowledge of the relevant facts and plaintiff subsequently served an interrogatory asking defendant to identify the specific persons interviewed by defense counsel. Because defendant disclosed all witnesses with knowledge of the relevant facts, Judge Davis concluded that plaintiff was using the interrogatory to determine defense counsel's mental impressions of the witnesses and trial strategy. Because counsel's mental impressions are at the heart of the work product rule, Judge Davies denied plaintiff's motion to compel. Similarly, in Ashworth, plaintiff disclosed the names of 75 witnesses and defendant then served interrogatories attempting to determine which witnesses had been interviewed by counsel. Judge Houston concluded that defendant was seeking the mental impressions of counsel and denied the motion to compel.

In this case there is no evidence that plaintiffs have disclosed all witnesses with knowledge of the facts relevant to this case.[8] Accordingly, the procedural history in this case is quite different from Steingraber and Ashworth. Moreover, the claims in plaintiffs' complaint have been "a moving target" and rely heavily on anecdotal stories from the internet or transcripts of televised "news" reports. Rather than seeking counsel's mental

---

[7] Both Steingraber and Ashworth noted that "whether the information sought ... is protected as work product is unclear" and that non-binding case law on the issue is split.

[8] Indeed, with the exception of the named plaintiffs, it is not clear that plaintiffs have provided any names and addresses for witnesses familiar with the alleged facts. In a puzzling assertion, plaintiffs argue that they will provide names after securing discovery from the defendant.

impressions, defendant's interrogatories seek to determine whether a "real" or "live" factual witness exists with knowledge of the alleged claims. Under the circumstances, the court is not persuaded that the names of witnesses are "work product" and protected from disclosure.[9] Accordingly, defendant's motion to compel compete answers to Interrogatory Nos. 8, 9, 14, 15, and 17 are **GRANTED.**

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc. 75)** is **GRANTED IN PART and DENIED IN PART**, consistent with the rulings set forth above. Plaintiffs shall provide complete answers to the interrogatories on or before July 28, 2006.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of July 2006.

 

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[9] Oddly, although plaintiffs cite two cases (Steingraber and Ashworth) which analyze the doctrine of work product, plaintiffs do not mention the doctrine in their brief.