## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHAROLETTE THOMPSON, et al.,    )
    )
        Plaintiffs,    )
    )
v.    )    Case No. 05-1203-WEB
    )
JIFFY LUBE INTERNATIONAL, INC.,    )
et al.,    )
    )
        Defendants.    )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on the following motions:

    1. plaintiffs' motion for a protective order (Doc. 126);

    2. Jiffy Lube's motion to compel (Doc. 148);

    3. Jiffy Lube's motion for sanctions (Doc. 130);

    4. plaintiffs' motion for reconsideration (Doc. 131);

    5. plaintiffs' motion to modify the scheduling order (Doc. 140); and

    6. plaintiffs' motion to strike surreply (Doc. 141).

The court's rulings are set forth below.

## Background

Plaintiffs seek to proceed as a nationwide class action, alleging that Jiffy Lube and

three of its franchisees (R & P Enterprises, Heartland Automotive, Inc., and Heartland Automotive II Inc.) engaged in the following deceptive consumer practices:

        1. misrepresenting the skills and training of Jiffy Lube technicians;

        2. basing service recommendations on "severe" driving conditions;

        3. inducing technicians to charge for unnecessary services; and

        3. charging "environmental fees" or "shop fees."

Discovery is being conducted in "phases" with class certification issues being addressed in "phase 1." Scheduling Order, Doc. 21; Supplemental Scheduling Order, Doc. 110. Additional facts and contentions, where necessary for context, are included in the analysis of the respective motions.

**Plaintiffs' Motion for a Protective Order (Doc. 126)**
and
**Jiffy Lube's Motion to Compel (Doc. 148)**

Jiffy Lube served notices to take the named plaintiffs' depositions *duces tecum* in Wichita, Kansas, the location of the district court where plaintiffs filed this lawsuit.[1] Plaintiffs agree that Charolette Thompson, Valerie Thompson, and Terrance McFadgon will appear in person but seek a protective order for the remaining named plaintiffs.[2] Specifically,

---

[1]     Plaintiffs filed their complaint in state court in Wichita, Kansas and Jiffy Lube removed the action to federal court.

[2]     The "remaining" named plaintiffs and their home states are (1) Marilyn Bagnall, Illinois, (2) Myra Jenkins, Florida, (3) Laura Harris, Florida, (4) Ross Lamm, California, (5) Mark Hannon, Texas, and (6) Thomas Krusinski, California.

plaintiffs request an order either allowing the six non-resident plaintiffs to provide deposition testimony by telephone or delaying their depositions until the court rules on Jiffy Lube's motion to dismiss plaintiffs' second amended complaint.[3]  Jiffy Lube opposes plaintiffs' motion and moves to compel the six depositions in Wichita.

Plaintiffs argue that the value of their individual claims is generally less than the anticipated travel and deposition expenses and that a telephone deposition will suffice in providing information concerning class certification.[4]  Plaintiffs also argue that they should not be required to incur costs while their status as named plaintiffs is unresolved.  Jiffy Lube opposes the protective order, arguing that telephone depositions hinder its ability to evaluate how the witnesses present themselves, their demeanor and their effectiveness as witnesses.  Jiffy Lube also asserts that an in-person appearance allows it to observe whether plaintiffs are answering from memory or are being assisted.  Finally, Jiffy Lube argues that the plaintiffs will be questioned with a variety of documents; therefore, telephone depositions are unnecessarily cumbersome and awkward.

The court is not persuaded that the circumstances require a protective order.  The six

---

[3]
The court granted in part and denied in part Jiffy Lube's first motion to dismiss and granted plaintiffs leave to amend their complaint.  Memorandum and Order, Doc. 77.  Plaintiffs filed their amended complaint on July 12, 2006 and Jiffy Lube again moved to dismiss.

[4]
The six non-resident plaintiffs have actual damage claims ranging from $60 to $1,500.  However, plaintiffs provide no estimate for the value of their respective claims for (1) statutory penalties for violating state consumer protection laws and/or (2) punitive damages.

named plaintiffs who seek to participate by telephone voluntarily joined this lawsuit and asserted individual claims in July 2006, more than one year after this lawsuit was filed. "As a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought." Williams v. Sprint/United Management Co., 2006 WL 1867671at *3 (D. Kan. 2006)(quoting Stubbs v. McDonald's Corp., 2005 WL 375662 at *1 (D. Kan. 2005). The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the court will not modify except in cases of extreme hardship.

No extreme hardship has been demonstrated by plaintiffs. At most, plaintiffs estimate that travel costs for each plaintiff would be in the range of $400 to $600. This is not a significant sum in relative terms, given that class action damages may exceed millions of dollars if a class is ever certified. Moreover, because plaintiffs voluntarily seek to represent a nationwide class, the demands on their time and resources are necessarily greater than the expenses one would associate with an individual lawsuit seeking less than $1,500 in damages.

Finally, the court rejects plaintiffs' request for a delay of the depositions pending a ruling on defendant's motion to dismiss. The parties are actively engaged in other forms of discovery at this time and plaintiffs' reasoning, aside from cost, for deferring *only* these depositions is unclear. Accordingly, plaintiffs' motion for a protective order shall be DENIED and Jiffy Lube's motion to compel shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for a protective order (**Doc.**

**126)** is **DENIED** and Jiffy Lube's motion to compel **(Doc. 148)** is **GRANTED**.[5]

### Motion to Strike (Doc. 141)

Plaintiffs move to strike what they believe is a surreply by Jiffy Lube to their motion for a protective order.[6]  However, Jiffy Lube disputes this characterization and argues that the document which plaintiffs seek to strike (Doc. 139) is a "reply" brief related to defendant's motion to compel.[7]  The court has reviewed the document and it is a "Reply to Plaintiffs' Response to [Jiffy Lube's] Motion to Compel."  Accordingly, plaintiffs' procedural arguments concerning the filing of a surreply are misguided and the motion to strike shall be DENIED.[8]

**IT IS THEREFORE ORDERED** that plaintiffs' motion to strike Jiffy Lube's

---

[5]

The deadline for completing the depositions will be established during the status conference discussed in greater detail at the conclusion of this opinion.

[6]

The rules concerning the filing of a surreply are well established in this district. Under D. Kan. Rule 7.1, parties are permitted to file a motion, a response and a reply. Surreplies are typically not allowed.  See, e.g., King v. Knoll, 399 F. Supp. 2d 1169 (D. Kan. 2005).  Surreplies are permitted in rare cases where a movant improperly raises new arguments in a reply.  However, leave of court must be secured before filing a surreply. Id.

[7]

The electronic docket indicates that Doc. 139 is a "surreply."  However, review of the actual heading and content of Doc. 139 reveals that it is a "reply" related to Jiffy Lube's motion to compel.  Jiffy Lube attributes the difference between the docket description and the actual brief to the court's electronic docketing system.

[8]

Equally important, Jiffy Lube's reply (Doc. 139) rehashes cases cited in earlier briefs and raises no new arguments.

surreply **(Doc. 141)** is **DENIED.**

## Jiffy Lube's Motion for Sanctions (Doc. 130)

Jiffy Lube moves for sanctions for "plaintiffs' spoliation of important documents and information" concerning plaintiffs' interviews and communications with former Jiffy Lube and/or franchisee store employees. Plaintiffs argue that Jiffy Lube's motion "is simply frivolous." However, contrary to plaintiffs' argument, the motion raises disturbing issues concerning plaintiffs' discovery responses. The following facts and assertions provide context for the motion.

Plaintiffs' complaint alleges nationwide "Consumer Protection Act" violations. The violations are based on (1) media reports, (2) anonymous internet postings, (3) the experiences of the named plaintiffs, and (4) interviews with current or former Jiffy Lube and franchisee store employees. In order to test the veracity of plaintiffs' allegations, Jiffy Lube requested the names, addresses, and phone numbers of the former employees who provided factual support for the allegations in the complaint.[9] Plaintiffs refused to provide the information, arguing that the identities of the witnesses were protected by (1) counsel's promise of "confidentiality" to the current or former employees and (2) a specious First

---

[9]

Jiffy Lube's concerns about the plaintiffs' allegations stem from unusual amendments to the complaint. Originally, plaintiff Thompson alleged that the engine in her Hyundai sedan was damaged by a faulty oil change. She later asserted that the transmission was damaged and subsequently amended her complaint to allege damage to two distinctly different vehicles (a Hyundai sedan and a Ford van).

Amendment argument. Doc. 76. Plaintiffs' arguments were rejected and Jiffy Lube's motion to compel was granted. Memorandum and Order, Doc. 86, filed July 18, 2006.

In response to that court order, plaintiffs disclosed the names of four individuals and four e-mail addresses.[10]  Plaintiffs also represented, without explanation, that the addresses and telephone numbers of those former employees were "unknown."    Plaintiffs' Supplemental Interrogatory Responses, served July 28, 2006 (Doc. 130-2).    Because plaintiffs provided no phone numbers or addresses, Jiffy Lube asked plaintiffs to confirm that communications with these individuals occurred solely by e-mail and that plaintiffs' counsel had never spoken to the witnesses in person or by telephone. Letter, dated July 31, 2006 (Doc. 130-3).

Plaintiffs' counsel responded by letter and stated: "plaintiffs are not withholding the identity of any witness or documents based on work product."  The letter also stated:

> [P]laintiffs' counsel did possess the contact information at one point; however, **in December 2005, my hard drive crashed and I lost a lot of data that had not been backed up and these individual's contact information and some communications were there.** (See my February 12, 2006 email to you).  To the best of my recollection, John Tumas worked and company owned locations.  George Toth, Joel Droctor, and Jake Anderson worked at a franchisee location.  Droctor was employed by Heartland Automotive.  I spoke with John Tumas over the telephone prior to email communication but the number on that I received was kept on my local hard drive.  **I have attempted to contact these individuals informing them of the fact that I would have to disclose their names, but I have not heard anything back from them.**  In the event that I do, I will be sure to supplement this response immediately.  Because I did not intend on calling

---

[10]
The four individuals are: John Tumas, Joel Droctor, Jake Anderson, and George Toth.

these individuals and the fact that my hard drive crashed, I have no further information to provide and my discovery obligations are met. [sic].

Plaintiffs' August 8, 2006 Letter (Doc. 130-4)(emphasis added).[11]

Jiffy Lube argues that plaintiffs' failure to preserve the contact information amounts to "spoliation" of evidence. Jiffy Lube also asserts that plaintiffs should be sanctioned for forcing defendant to file a motion to compel when plaintiffs knew that the information had been lost in December 2005 and was no longer available. Plaintiffs counter that (1) the circumstances do not rise to the level of spoliation, (2) they have not acted in bad faith, and (3) Jiffy Lube has suffered no prejudice.

The resolution of this motion for sanctions has been complicated by plaintiffs' confusing and contradictory discovery responses and representations as demonstrated in the following chronology:

- In response to a **January 18, 2006** production request for all documents received from former or current Jiffy Lube or franchisee employees, plaintiffs represented on **March 3, 2006,** that "plaintiffs have produced all relevant documents currently in plaintiffs' counsel's possession." Doc. 138-2, response to production request No 5.

- As noted above, after being ordered to disclose the names and contact information, plaintiffs' counsel represented in an **August 8, 2006** letter that "in December 2005, my hard drive crashed and I **lost a lot of data** that had not been backed up and **these individual's contact information and some communications were there.**" Doc. 130-4 (emphasis added). The letter also stated that plaintiffs "are **not**

---

[11]   The fact that the witnesses did not answer plaintiffs' e-mail requests is not surprising because counsel advised them that their response would be disclosed to opposing counsel. Jiffy Lube succeeded in contacting one of the witnesses but was unsuccessful in contacting the remaining three witnesses.

> **withholding the identity of any witness or documents based on work product privilege.**" Doc. 130-4 (emphasis added).

• On **August 1, 2006,** Jiffy Lube served a second set of production requests and requested all correspondence, including e-mails, from the four former employees identified by plaintiffs.  On **September 7, 2006,** plaintiffs' counsel responded to the production requests and **asserted that the materials requested were protected by work product.** Doc. 138-5.

• Plaintiffs represented in the **August 8, 2006** letter that counsel had telephone conversations with **John Tumas.**  However, in the **September 7** response to production requests, plaintiffs represented that counsel had telephone conversations with **George Toth.**[12]

• Finally, plaintiffs now assert that "the primary information that was completely lost [from the computer crash] was the telephone number of George Toth." <u>Response Brief</u>, Doc. 135, p. 2.

With respect to spoliation, the parties debate whether the loss of information by a "computer crash" amounts to spoliation.  Plaintiffs assert, in a conclusory manner, that they did not intentionally or negligently destroy any contact information; therefore, a finding of spoliation is inappropriate.  Plaintiffs also represent that they attempted to salvage the data stored on the hard drive but concluded that reconstructing the data would be too time consuming and burdensome.  Jiffy Lube counters that plaintiffs had a duty to preserve the information in a manner that would have prevented the loss and, at a minimum, utilize some sort of backup system.

Plaintiffs' failure to utilize a backup system for counsel's computer is  troubling.

---

[12]    Plaintiffs allege in their response brief that the reference to John Tumas in the August 8 letter was a mistake and the individual with whom counsel actually conversed was George Toth.  Doc. 135, p. 2, footnote 1.

However, the court is not persuaded that the issue of spoliation needs to be resolved at this time because discovery is currently limited to class certification issues rather than the merits of plaintiffs' claims. Outright dismissal as a sanction is too severe for the apparent loss of four witnesses addresses and phone numbers.[13] Moreover, the trial issues are not sufficiently defined at this time to consider whether an adverse inference instruction is appropriate. Accordingly, the court declines the parties' invitation to rule on whether the circumstances rise to the level of spoliation.[14] The issue of spoliation may be revisited by motion after the issues in the case are better defined.

The more disturbing matter before the court is the inconsistency in plaintiffs' discovery responses and representations. As noted above, plaintiffs initially represented that "all relevant documents were produced" which should have included disclosure of the names of the former employees. Plaintiffs later refused to disclose the names and contact information of the former employees, forcing Jiffy Lube to move to compel. After plaintiffs' dubious legal arguments in opposition were rejected and the information was ordered produced, plaintiffs then argued that the information was lost through a computer crash that

---

[13]

While dismissal is not warranted, it remains unclear what information was actually lost. Plaintiffs' August 8 letter suggests that contact information for all four witnesses was lost. However, plaintiffs' later response brief asserts inconsistently that only George Toth's phone number was lost.

[14]

Although the court declines to rule at this time on whether the loss of information rises to the level of spoliation, plaintiffs' "computer crash" and lack of a backup system is a matter which defendants might assert in challenging the adequacy of class representation.

occurred *six months before defendant even filed its motion to compel*.  When Jiffy Lube questioned whether plaintiffs conducted an appropriate investigation and the possibility of Rule 11 sanctions, plaintiffs belatedly asserted for the first time that e-mails from the former employees existed but were protected from disclosure.

Plaintiffs provide no rational explanation whatsoever for these inconsistencies but instead attack Jiffy Lube.  For example, plaintiffs criticize Jiffy Lube for failing to "inform the court that it knew about the hard drive crashing *prior to* its motion to compel."  Doc. 135, p. 5 (emphasis in original).  In support of this argument, plaintiffs contend that an e-mail to Jiffy Lube "informed defendant early in the litigation that [counsel's] hard drive had crashed and there was no 'cover-up.'" Doc. 135, p.6.  Plaintiffs' argument is disingenuous because the e-mail message gave no hint that plaintiffs had lost any data responsive to Jiffy Lube's discovery requests.[15]

Plaintiffs assert the peculiar argument that Jiffy Lube suffers no prejudice from plaintiffs' inability to locate the witnesses because the pretrial order will supercede the complaint.  This argument is patently frivolous and summarily rejected.  A defendant is

---

[15]

Plaintiffs' February 12, 2006 e-mail to Jiffy Lube contained the following text:

> Can I get you to resend your responses to our second set of requests for production?  My laptop died before I saved the docs to my system.  I did not realize it until I was working on our sur-surreply to the motion to compel.  Thanks.

The suggestion that this e-mail put Jiffy Lube on notice that plaintiffs had lost evidence *responsive to Jiffy Lube's discovery requests* is without merit.

entitled to discover the fact witnesses who were the sources of the allegations in the complaint.

Plaintiffs argue that sanctions are inappropriate because they have provided the identity of the four "confidential" fact witnesses and the contact information in their possession and that the only "lost" information is the telephone number for George Toth. The problem with this argument is that plaintiffs' discovery responses are inconsistent and only in this motion has the court learned that plaintiffs possess e-mail communications which, despite earlier representations, have been withheld on the basis of the work product doctrine.

Because of these highly unusual discovery inconsistencies, the court will permit Jiffy Lube to submit written deposition questions to plaintiffs' *counsel*. The questions shall be limited to the issue of (1) how and when plaintiffs' counsel communicated with the four "confidential" witnesses, (2) what type of communications referenced in plaintiffs' August 8, 2006, letter were lost, and (3) the basis for plaintiffs' assertion that the only information *lost* was George Toth's phone number.

Jiffy Lube's reply brief argues that the work product doctrine does not protect the e-mail messages which plaintiffs now represent are in existence and that plaintiffs should be ordered to produce the e-mails. Before ruling on production of the e-mail documents, the court will allow plaintiffs a limited opportunity to respond to this issue.

**IT IS THEREFORE ORDERED** that Jiffy Lube's motion for sanctions **(Doc. 130)** is **GRANTED IN PART**, consistent with this opinion. Jiffy Lube shall serve its written

deposition questions on plaintiffs' counsel by **February 28, 2007.** The written deposition questions shall be answered within **5** days of service.

**IT IS FURTHER ORDERED** that plaintiffs shall file a response to Jiffy Lube's request for production of the e-mail documents by **February 28, 2007.** The response shall be limited to **five** pages.

**IT IS FURTHER ORDERED** that the court will retain jurisdiction to impose sanctions after further review and consideration of the deposition questions and answers and plaintiffs' response brief.

### Plaintiffs' Motion To Reconsider (Doc. 131)

On November 21, 2006, the court granted in part and denied in part plaintiffs' motion to compel. Memorandum and Order, (Doc. 125). Plaintiffs move the court to reconsider certain rulings adverse to plaintiffs because "the court has misapprehended plaintiffs' position and facts." (Doc. 132, p. 1). For the reasons set forth below, the motion shall be DENIED.

The standards for a motion to reconsider are well established:

> The court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F. 2d 1394, 1395 (10th Cir. 1988). The court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct manifest injustice. Major v. Benton, 647 F. 2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d

1241, 1243 (10th Cir. 1991), <u>cert. denied</u>, 506 U.S. 828 (1992).

<u>Lawson v. Potter</u>, 2007 WL 21121 (D. Kan. Jan. 22, 2007)(Slip Copy).

As a preliminary matter, plaintiffs take issue with the court's statement in a footnote that "[t]he lack of coherent argument supported by legal authority is particularly troubling given the history of these discovery disputes." (Doc. 125, p. 25, footnote 31). Plaintiffs object to this statement, arguing that they provided "citations to case law" and "set forth the general legal framework surrounding class certification." (Doc. 132, p. 2). However, plaintiffs' argument that legal citations were provided in other portions of their brief does not warrant reconsideration. The comment in footnote 31 specifically related to plaintiffs' "6th Request for Production, No. 17." No legal authority was provided with plaintiffs' discussion of this production request and, as noted in the November 21 Order, the court was unable to discern the rationale for plaintiffs' argument. The court stands by its comments in footnote 31.

Plaintiffs further argue that the court should reconsider its rulings because plaintiffs misunderstood the court's instructions during the September 19, 2006 conference and limited their brief to the issue of relevance concerning class certification. This argument is also not persuasive. The parties appeared at the conference with a laundry list of 24 discovery disputes and an oral request for rulings. The court declined to entertain the oral motion because of the complexity of the discovery disputes and instructed plaintiffs to file a formal

motion to compel supported by appropriate briefing.[16]  Plaintiffs had ample opportunity to present their arguments in support of their motion and the court declines to reconsider the November 21 Order on the grounds that plaintiffs "misunderstood" the directive that plaintiffs should file a formal motion to compel.[17]

Plaintiffs request "general reconsideration" of another footnote which states:  "the failure to take *any* action concerning an adverse ruling which plaintiffs now argue is crucial to their discovery efforts raises serious questions about counsel's experience, knowledge of applicable law, and resources available to represent the class.  Fed. R. Civ. P. 23 (g)." (Doc. 125, p.5, footnote 3).  In support of their motion, plaintiffs assert that "they never claimed this information is 'crucial to their discovery efforts.'" (Doc. 131, p. 3).  However, although plaintiffs did not use the term "crucial," they did argue at length that they were unable to counter Jiffy Lube's cost estimates because "plaintiffs requested this information in prior discovery requests but the court did not compel the defendant to produce the information." (Doc. 119, p. 4).  Quibbling over whether the information was "crucial," "important," or "significant" reflects a lack of judgment and legal maturity.  More importantly, the argument

---

[16]

The parties did engage in limited oral argument concerning the relevance of certain discovery requests.  However, these arguments reinforced the court's initial opinion during the conference that the discovery issues were complex and required a formal motion supported by appropriate legal authority.

[17]

Regardless of plaintiffs' "understanding" of the September 19 conference, Jiffy Lube's response to the motion to compel argued that many of the discovery requests were unduly burdensome.  Given Jiffy Lube's response, plaintiffs' present assertion that they thought the only issue before the court was class certification relevance rings hollow.

affords no basis for reconsideration.[18]  Accordingly, plaintiffs' motion to reconsider footnote 31 shall be denied.  The remaining issues for reconsideration are discussed in greater detail below.

**1. E-mail**

Plaintiffs moved to compel the production of e-mail communications for Larry Burch, Lisa Carlson, Jack Fischbein, Myron Menk, the Jiffy Lube Market Operations Manager, Kevin Lyng, Judy Scholl, Rosa Holland, Simone Noordegraaf, Jiffy Lube managers, assistant managers and trainers.  The court ruled that a request for the production of e-mail records from over 450 individuals was unduly burdensome and denied the motion to compel.  Plaintiffs move to reconsider, arguing that they "did not simply request 450 employees' e-mails" but rather requested the e-mail for nine individuals.  Plaintiffs contend that the court did not address the nine named individuals; therefore, the court should reconsider its ruling.

Contrary to this contention, their motion to compel requested the production of e-mails from over 450 employees, including the 9 individuals.  The court denied this request.  Plaintiffs' argument that the court did not address the nine individuals when denying the motion is simply incorrect.

Having lost their original motion to compel, plaintiffs belatedly amend their

---

[18]

Plaintiffs also assert that counsel *did* take action concerning the earlier adverse ruling.  However, in order to support this argument, plaintiffs reference counsel's efforts concerning *other discovery requests*.  Plaintiffs' argument seriously distorts the grounds upon which the court relied for the comments found in footnote 31.

production request to a much smaller number of persons.[19]  However, untimely modification to a discovery request is not grounds for reconsideration.  Plaintiffs' remaining arguments are simply a rehash of prior arguments or  an attempt to "dress up" prior arguments which failed.  Accordingly, plaintiffs' motion to reconsider the ruling concerning their e-mail request shall be denied.

## 2. CSS Surveys

The court denied plaintiffs' motion to compel "CSS survey results" regarding pressure placed on customers, noting that "plaintiffs' motion to compel and supporting arguments are too cryptic to permit thoughtful assessment of the relevance of the requested information to class certification."[20]  Plaintiffs move for reconsideration and, for the first time, provide an

---

[19]

Plaintiffs did not argue for the production of only the nine individuals' e-mail records in either their initial or reply brief in support of the motion to compel.  Instead, plaintiffs argued that Jiffy Lube failed to show that production of e-mail materials was unduly burdensome.  At no time did plaintiffs argue that production from a smaller number of individuals was requested.

[20]

Plaintiffs' original motion to compel was based on the misconception that Jiffy Lube, in the first instance, carries the burden of demonstrating that the requested information lacks relevance.  When stripped of prolixity, plaintiffs essentially argue that any discovery request is *relevant* unless the opposing party shows that the request is *irrelevant*.  However, contrary to plaintiffs' reasoning, there is no presumption in the federal rules of civil procedure that a discovery request is relevant.  The proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the case.  This is not a high standard because relevance is liberally construed in the context of discovery and, in many instances, relevance is apparent on the face of the request.  However, where relevance is not apparent, the proponent must explain how or why the request is relevant.

explanation of their discovery request.  The court declines to reconsider its prior ruling.  The arguments asserted by plaintiffs now could and should have been presented in their original motion to compel.

### 3. Marc Graham and "Other Executives" Communications

The court denied plaintiffs' motion to compel the production of "all documents authored by or sent to Marc Graham and other executives regarding Ottocare, pressure placed on customers, customer complaints, and bonus programs" because the relevance to class certification was not apparent and plaintiffs failed to show relevance.  (Doc. 125, p. 20). Plaintiffs move for reconsideration, arguing that they believe that the relevancy of the request *is* apparent.  (Doc. 131, p. 8).

The fact that plaintiffs disagree with the court's opinion is not an appropriate ground for reconsideration.  Moreover, the court stands by its determination that plaintiffs failed to establish the relevance to class certification in their original motion to compel.[21]  Plaintiffs' remaining arguments for reconsideration are rejected because the arguments are an attempt to dress-up arguments that previously failed and/or to assert new arguments.  As noted above, "a motion to reconsider is not a second opportunity for the losing party to make its strongest

---

[21]

For the first time in their motion to reconsider, plaintiffs explain that Marc Graham is the former CEO of Jiffy Lube.  (Doc. 131, p. 8).  Jiffy Lube counters that "Mr. Graham was the president of [Jiffy Lube] for several years and has not been with the company since 2002."  (Doc. 134, p. 7).  Plaintiffs should have explained Mr. Graham's title and role in their original motion to compel.

case, to rehash arguments, or to dress up arguments that previously failed." <u>Lawson</u>, <u>supra</u>.

### 4. Former Executives

The court denied plaintiffs' motion to compel "all documents that identify former executives of Jiffy Lube since 1999." Plaintiffs fail to assert any of the three predicates for reconsideration; therefore the court denies their request for reconsideration.[22]

### 5. All Studies and Analysis of Damage Claims

The November 21, 2006 ruling denied plaintiffs' motion to compel "all studies and analysis of damage claims" because the court was "unable to discern the rationale of plaintiffs' argument." (Doc. 125, p. 24). Although plaintiffs move for reconsideration, their rationale for reconsideration remains as elusive as the argument asserted in their original reply brief. The court is not persuaded that plaintiffs have established a valid ground for reconsideration.

### Summary

Plaintiffs seek to represent thousands of customers in this nationwide class action

---

[22]

Jiffy Lube asserts that it has produced a list of former executives and that the issue is moot. (Doc. 134)(8). Plaintiffs do not dispute Jiffy Lube's contention that the issue is moot. (Doc. 137). As noted in the court's original ruling, it is unclear why this dispute was not resolved when the parties conferred in good faith. In any event, plaintiffs have failed to assert appropriate grounds for reconsideration.

lawsuit that, if successful, could result in an award of millions of dollars in damages. Because of the size and scope of the lawsuit, the costs and attorney fees associated with discovery alone are significant and the court will not lightly revisit discovery rulings. The parties must present their best arguments in the first instance. As reflected in this opinion, motions to reconsider are disfavored. The three circumstances justifying reconsideration are: an intervening change in controlling law, availability of new evidence, or the need to correct manifest injustice. Plaintiffs have failed to demonstrate that reconsideration is warranted under any of the well-established standards.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for reconsideration (**Doc. 131**) is **DENIED.**

### Plaintiffs' Motion to Modify the Scheduling Order (Doc. 140)

Plaintiffs move the court to modify the scheduling order by sixty days based on delays in the completion of discovery and counsel's current volume of work. Defendants oppose the motion. Because the rulings herein resolve a number of discovery issues, the court will conduct a status conference to discuss revisions to the scheduling order.

**IT IS THEREFORE ORDERED** that a status conference will be conducted by telephone on **Tuesday, March 13, 2007 at 2:00 p.m.** to address scheduling issues. The parties shall confer prior to the conference and submit their respective recommendations concerning scheduling modifications by **March 12, 2007**.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged.

As noted in this opinion, the standards governing motions to reconsider are well established. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

     **IT IS SO ORDERED.**

     Dated at Wichita, Kansas this 21st day of February, 2007.


          S/ Karen M. Humphreys

          _____
          KAREN M. HUMPHREYS
          United States Magistrate Judge