# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAROLETTE THOMPSON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 05-1203-WEB |
| ) | |
| **JIFFY LUBE INTERNATIONAL, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the court on the issue of production of email messages exchanged between plaintiffs' counsel and four fact witnesses.[1] Plaintiffs contend that the email messages are protected by the work product doctrine and that disclosure would reveal counsel's "mental impressions, conclusions, opinions or legal theories." Jiffy Lube contends that (1) any claim of work product has been waived by plaintiffs' discovery responses, (2) the email messages do not qualify as "work product," and (3) Jiffy Lube has a substantial need for the information and is unable to obtain "the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). The email messages have been reviewed in camera and the court's ruling is set forth below.

Although plaintiffs' discovery responses raise troubling issues concerning waiver,

---

[1] A detailed recitation of this dispute is set forth in a prior opinion and will not be repeated. Memorandum and Order, Doc. 149, filed February 22, 2007.

resolution of the waiver controversy is unnecessary in light of the in camera review. Assuming that the email messages are "work product," Jiffy Lube has shown a substantial need for the information because these witnesses are the source of factual allegations in the amended complaint of wrongdoing by Jiffy Lube. Equally important, three of the four witnesses cannot be located; thus, Jiffy Lube is unable "to obtain the substantial equivalent" of the factual statements.[2] Moreover, the *witnesses*' email messages are merely factual statements and disclosure will not reveal counsel's mental impressions or conclusions.[3]

**IT IS THEREFORE ORDERED** that plaintiffs shall produce the following email messages to Jiffy Lube:

> John Tumas to L. Williamson, dated June 19, 2005 at 9:24 p.m.;
>
> John Tumas to L. Williamson, dated June 20, 2005 at 3:03 p.m.;
>
> Joel Drotor to L. Williamson, dated July 13, 2005 at 9:04 a.m.;
>
> Joel Drotor to L. Williamson, dated July 13, 2005 at 8:24 a.m.; and

---

[2] Jiffy Lube contacted the fourth witness, George Toth, by email. Because Jiffy Lube was able to contact the witness, defendant has not carried its burden of showing that it has been unable to gather "substantially equivalent" factual information directly from Mr. Toth. Moreover, as a practical matter, Mr. Toth's July 27, 2006 email message contains little, if any, relevant information. Accordingly, plaintiffs need not produce the single email message from Mr. Toth to plaintiffs' counsel.

[3] Counsel's email messages *to* the witnesses are relatively benign. However, to avoid the possible disclosure of counsel's mental process, email messages *from* counsel *to* the witnesses shall be redacted.

Jake Anderson to L. Williamson, dated May 26, 2005 at 8:00 a.m.[4]

Plaintiffs shall provide the email messages to Jiffy Lube on or before **March 21, 2007.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. As noted in this opinion, the standards governing motions to reconsider are well established. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of March 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] The date and time of each email are set out in detail because plaintiffs (1) submitted a number of duplicate email messages and (2) failed to bates stamp the documents for identification. The only other email message by a witness that was submitted for the in camera review came from George Tumas, dated July 27, 2006 at 6:29 p.m.